IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| GLOBUS MEDICAL INC., ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 11-1330-JAR |
| TIM LAZENBY and ) INNOVASIS, INC., ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Expedited Discovery (Doc. 5). Plaintiff filed its Complaint for injunctive relief and damages on October 27, 2011. The Complaint alleges that defendant Lazenby is a former employee of Globus and that he engaged in fraudulent and unfair competition with Globus by soliciting Globus's customers and employees on behalf of defendant Innovasis (a direct competitor of Globus) while still employed by Globus and in violation of his obligations under the No Competition and Non-Disclosure Agreement he signed with Globus. The complaint also alleges that Innovasis engaged in fraudulent and unfair competition with Globus and knowingly aided and abetted Lazenby in breaching his duty of loyalty to Globus. On October 28, 2011, plaintiff filed a motion for preliminary injunction. Plaintiff now seeks expedited discovery to support its motion for preliminary injunction. Defendants have not responded to the motion, and the Court finds that the motion should be granted.

Generally, Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by

Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."[1] The Court has broad discretion to "alter the timing, sequence and volume of discovery."[2] The Court is authorized to expedite discovery upon a showing of "good cause."[3] "Good cause has been found in cases where the plaintiff seeks a preliminary injunction."[4] The party seeking expedited discovery has the burden of showing good cause for departing from the usual discovery procedures.[5] The following factors, while not a hard and fast test, provide some guidance in determining good cause:

> (1) irreparable injury;
> (2) some probability of success on the merits;
> (3) some connection between the expedited discovery and the avoidance of the irreparable injury;
> (4) some evidence that the injury will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted;
> (5) whether the request is narrowly tailored given the time constraints; and
> (6) whether the movant could have avoided such restraints by acting prior to the request.[6]

Plaintiff sets forth its proposed expedited discovery in its motion.[7] Plaintiff seeks limited discovery from defendants regarding the hiring and/or solicitation of Lazenby and other Globus employees, Lazenby's work for Innovasis to date, and Lazenby's use of Globus's trade secrets

---

[1] Fed. R. Civ. P. 26(d).

[2] *Lindsey & Osborne P'ship v. Day & Zimmerman, Inc.,* No. 08-cv-2301-CM-DJW, 2008 WL 2858786, at *2 (D. Kan. July 22, 2008) (citations omitted).

[3] *Id.* (citations omitted).

[4] *Id.* (citing *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citation omitted)).

[5] *Id.* (citation omitted).

[6] *Id.* (citation omitted).

[7] Doc. 5 at 2–5.

and confidential information in performing work for Innovasis to date.  Plaintiff alleges that this evidence is solely available from defendants and that plaintiff needs this information in order to prove that it is entitled to a preliminary injunction.

The Court finds that plaintiff has shown good cause and that it could suffer irreparable harm if it is not allowed to conduct expedited discovery to prepare for its motion for a preliminary injunction.  Plaintiff has alleged that it has suffered and will continue to suffer severe and irreparable damage to its business due to defendants' actions in poaching a key Globus employee, stealing Globus's sales and customers, and using the confidential information and trade secrets Lazenby obtained during his employment at Globus.  "Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction."[8]  "The Tenth Circuit has recognized that loss of customers, loss of goodwill, and threats to a business's viability can constitute irreparable harm."[9]

Plaintiff has tailored its discovery requests to only a few requests for documents and inspection directed at each of the two defendants and a deposition of each defendant.  The information should be readily available as it involves a relatively new business relationship between defendants.  Plaintiff alleges that it promptly investigated defendants' wrongdoing with the information available to it.  Plaintiff needs additional information about the extent of defendants' wrongdoing and the information is solely in defendants' control.

---

[8]*Berlin Media Art E.K. v. Does I Through 146,* No. S-11-2039-KJM-GGH, 2011 WL 4056167, at *1 (E.D. Cal. Sept. 12, 2011) (citations omitted); *Interscope Records v. Does 1-14*, No. 5:07-4107-RDR, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007) (citation omitted).

[9]*Lindsey*, 2008 WL 2858786, at *2 (citing *Zurn Constructors, Inc. v. B.F. Goodrich Co.*, 685 F. Supp. 1172, 1181 (D. Kan. 1988)).

Defendants have not come forward with an allegation that they will suffer any significant injury if expedited discovery is ordered.  Plaintiff alleges that counsel for the parties discussed expedited discovery during a phone conference on November 1, 2011, and it was generally agreed that counsel for defendants would attempt to provide their position in relation to the request to expedite discovery by close of business.  Defendants have not responded.

Plaintiff has shown that it will suffer irreparable harm without expedited discovery and good cause exists to grant its motion for expedited discovery.  The parties may conduct expedited discovery, including plaintiff's Proposed Expedited Discovery set forth in Plaintiff's Motion for Expedited Discovery.[10]  Discovery requests shall be served by November 15, 2011, and responses to any request shall be made before November 30, 2011.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Expedited Discovery (Doc. 5) is GRANTED.

**IT IS FURTHER ORDERED THAT** discovery requests shall be served by November 15, 2011, and responses to any request shall be made before November 30, 2011.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Preliminary Injunction (Doc. 3) shall be set for hearing on December 13, 2011, at 9:30 am.

**IT IS SO ORDERED.**

Dated: November 8, 2011

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE

---

[10]Doc. 5 at 2–5.